UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KARINA GODFREY,

                              Plaintiff,

         v.                                         3:12-cv-50

PRICE CHOPPER,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

         Plaintiff Karina Godfrey, proceeding *pro se*, commenced the instant action against

Defendant Price Chopper pursuant to Title VII of the Civil Rights Act of 1964, the New York

State Human Rights Law, and the Pennsylvania Human Rights Law, arising out of her

treatment during the course of her employment at Price Chopper.

**I.       FACTS**

         According to the Complaint, at all times relevant hereto, Plaintiff, a resident of the

State of New York, worked for Defendant Price Chopper, a New York corporation.  It is

claimed that, during the course of her employment, she was sexually harassed by a co-

worker, Defendant failed to take corrective action, and she was forced to resign because of

the intolerable work conditions.

         Plaintiff filed a charge of discrimination with the Equal Employment Opportunity

("EEOC") Commission on or about May 21, 2010.  On September 27, 2011, the EEOC

transmitted a right to sue letter to Plaintiff.  On January 10, 2012, Plaintiff commenced the

instant action.  Presently before the Court is Defendant's motion to dismiss pursuant to Fed.

R. Civ. P. 12.  Plaintiff has opposed the motion.

## II.        STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of

the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v.

Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct.

99 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations . . .  a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do."  Id. at 1964-65.  "Factual allegations must

be enough to raise a right to relief above the speculative level. . . on the assumption that all

the allegations in the complaint are true (even if doubtful in fact)."  Id. at 1965.  "'[T]he

pleading must contain something more . . . than . . . a statement of facts that merely creates

a suspicion [of] a legally cognizable right of action.'"  Id. at 1965 (quoting 5 C. Wright & A.

Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).  "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949

(2009) (quoting Twombly, 550 U.S. at 570).  A complaint does not suffice "if it tenders naked

assertions devoid of further factual enhancement."  Ashcroft, 129 S. Ct. at 1949.  Legal

conclusions must be supported by factual allegations.  Iqbal, at 1950.  "Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Id. at 1949.  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. 557) (internal quotations omitted).

With this standard in the mind, the Court will address the pending motion to dismiss.

**III.    DISCUSSION**

Defendant moves to dismiss on the ground that Plaintiff failed to commence the instant action within 90 days of having received the right to sue letter as required by 42 U.S.C. § 2000e-5(f)(1).  Plaintiff responds that she received the right to sue letter from EEOC on or about October 3, 2011 and she mailed her Complaint to the Northern District of New York on or about January 3, 2012.  Plaintiff claims that she believed that mailing the Complaint on January 3 was sufficient to be within the 90 day time frame and that "because it was right after the holiday season, the mail was delayed and that is why my complaint was [not] filed with the court until January 11, 2012."

As an initial matter, a document is not deemed to have been filed by placing it in the mail.  A paper is filed by delivering it to the court clerk.  Fed. R. Civ. P. 5(d)(2).  See Kelly v. Lohan, 2008 WL 4693317, at *2 n.5 (E.D.N.Y. 2008) ("Regardless of when the [plaintiff] may have mailed [her] complaint to the court, it is deemed filed on . . . the day on which it was received and filed-stamped by the Clerk. . . . Neither the Federal Rules of Civil Procedure nor the local rules of this court authorize proper filing to be accomplished by

merely depositing the complaint in the mail."). Accordingly, January 10, 2012[1] is the date the Complaint was filed. Thus, if Plaintiff received the right to sue letter on any date before October 12, 2011, the instant action would be untimely.[2]

The right to sue letter was mailed from the EEOC in Buffalo, New York to Plaintiff in Johnson City, New York on September 27, 2011. See Def. Ex. A. "[N]ormally it may be assumed, in the absence of a challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." Sherlock v. Montefiore Medical Center, 84 F.3d 522, 526 (2d Cir. 1996); see also Johnson v. St. Barnabas Nursing Home, 2010 WL 744357 (2d Cir. Mar.5, 2010) (unpublished). Similarly, absent evidence to the contrary, "it is assumed that a mailed document is received three days after its mailing." Id. at 525; Johnson, 2010 WL 744357.

Here, there is no indication or allegation that the notice was not sent on September 27, 2011. In her opposition papers, Plaintiff alleges that she received the right to sue notice on or about October 3, 2011. This is prior to October 12, 2012 and, therefore, the claims pursuant to Title VII are untimely. Having dismissed the federal cause of action at this early stage of the litigation and there being no additional basis for federal subject matter jurisdiction,[3] the Court declines to exercise supplemental jurisdiction over any remaining state law claims.

---

[1] This is the date the complaint was date-stamped as having been received by the Clerk's office.

[2] October 12 is ninety days before January 10, 2012.

[3] The remaining allegations of the Complaint assert violations of state law only. Thus, there are no other grounds for federal question jurisdiction. The Complaint alleges that both Plaintiff and Defendant are citizens of the State of New York, thereby negating diversity jurisdiction.

**IV.      CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and the

Complaint is DISMISSED.

IT IS SO ORDERED.

Dated: April 17, 2012

Thomas J. McAvoy
Senior, U.S. District Judge